# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 4:18-cr-9 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| CRAIG B. SNODDY | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

## MEMORANDUM AND ORDER

Defendant filed a motion to suppress all evidence obtained pursuant to an inventory search of the vehicle he was driving at the time of his arrest. (Doc. 19.) United States Magistrate Judge Christopher H. Steger held a hearing and filed a report and recommendation, recommending that the Court deny the motion to suppress. (Doc. 33.) Defendant timely objected (Doc. 42), and the Government responded (Doc. 43). For the reasons set forth below, the Court will **ACCEPT** and **ADOPT** the report and recommendation (Doc. 33) and will **DENY** Defendant's motion to suppress (Doc. 19).

## I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th

Cir. 1999). A magistrate judge's assessment of witnesses' testimony is, therefore, entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*

## II. BACKGROUND

On March 27, 2018, a grand jury returned a three-count indictment charging Defendant with: (1) possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); (2) possession of a firearm in furtherance of a drug-trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and (3) being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). (Doc. 1.) On July 18, 2018, Defendant filed a motion to suppress all evidence obtained pursuant to an inventory search of the vehicle he was driving at the time of his arrest. (Doc. 19.) Defendant argued that the officer acted unreasonably in

deciding to impound the vehicle and that the ensuing inventory search was a pretext for a warrantless investigative search. (*See id.* at 2–6.)

On September 5, 2018, Magistrate Judge Steger held an evidentiary hearing on Defendant's motion to suppress. (*See* Doc. 30.) At the evidentiary hearing, Magistrate Judge Steger heard testimony from Tennessee Highway Patrol Trooper Adam Malone. (*See* Doc. 31.) Additionally, the following exhibits were entered into evidence: (1) a Tennessee Department of Safety policy; (2) a towing report; (3) a property-release form; (4) an audio recording of the state-court proceedings; and (5) an audio recording of the dashboard camera from Trooper Malone's vehicle. (*See id.*)

Defendant did not object to the basic facts outlined in Magistrate Judge Steger's report and recommendation, but he did object to the findings and legal conclusions related to those facts. (*See* Doc. 42.) After reviewing the record before the Court and finding the facts to be consistent with Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation.[1] (Doc. 33, at 1–3); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The Court will refer to the facts only as necessary to analyze the issues raised on objection. Defendant's objections to Magistrate Judge Steger's report and recommendation are now ripe for review.

### III. ANALYSIS

Defendant argues in his objections that the inventory search at issue was pretextual, and, therefore, unconstitutional. Specifically, Defendant argues that, because Trooper Malone "specifically stated he would simply perform an inventory search if not given permission to

---

[1] The Court notes that neither party provided it with a copy of the transcript from the September 5, 2018 evidentiary hearing before Magistrate Judge Steger.

3

search, after asking for permission numerous times," he "all but admit[ted] to a pretextual search."[2] (Doc. 42, at 4.)

After obtaining lawful custody of a vehicle, officers may conduct a warrantless inventory search. *United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998). Inventory searches "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Id.* (quoting *Colorado v. Bertine*, 479 U.S. 367, 372 (1987)). "In order to be deemed valid, an inventory search may not be undertaken for purposes of investigation, and it must be conducted according to standard police procedures." *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (citation and internal quotation marks omitted). But the "mere fact that an officer suspects that contraband may be found in a vehicle does not invalidate an otherwise proper inventory search." *Id.* In other words, the Fourth Amendment "permits impoundment decisions and inventory searches that are objectively justifiable . . . regardless of an officer's subjective intent." *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001).

Magistrate Judge Steger addressed Defendant's objection in his report and recommendation. Specifically, Magistrate Judge Steger found that: (1) Tennessee Highway Patrol's policy on impoundment and inventory searches dictates that troopers, upon custodial arrest, conduct inventory searches of the arrested person's vehicle before towing (Doc. 33, at 3); (2) "Trooper Malone testified that it was his practice never to leave an unattended vehicle parked on the shoulder of the road following an arrest[,] that he was unaware of any offer that a third

---

[2] It is uncontroverted that Trooper Malone observed Defendant speeding and that the traffic stop itself was legal. (Doc. 33, at 4.) After Trooper Malone performed a legal traffic stop on the vehicle Defendant was driving, he discovered that Defendant was subject to extraditable Georgia arrest warrants and, as a result, he placed Defendant under arrest. (*Id.* at 5.) Defendant does not challenge the lawfulness of this arrest in his objection. (*See* Doc. 42.)

4

person might be available to retrieve the vehicle[,] and that he would not have been willing to wait at the scene for someone else to arrive to retrieve the vehicle" (*id.* at 5); (3) Trooper Malone's decision to impound the vehicle and have it towed was consistent with Tennessee Highway Patrol policy (*id.*); and (4) despite Trooper Malone's admission that he repeatedly asked Defendant for consent to search the vehicle, any suspicion of contraband did "not negate the legality of his decision to impound and perform an inventory search on the vehicle" (*id.* at 6).

The Court agrees with Magistrate Judge Steger's application of the law and finds no reason to disturb his well-reasoned conclusion in this case. There has been no evidence introduced that Trooper Malone failed to follow standard police procedure in conducting an inventory search and, as illustrated by the above case law, any subjective motive on the part of Trooper Malone does not invalidate his otherwise "objectively justifiable" inventory search. *Kimes*, 246 F.3d at 805. Accordingly, Defendant's objection (Doc. 42) will be **OVERRULED**.

## IV. CONCLUSION

For the reasons stated herein, Defendant's objection to the report and recommendation (Doc. 42) is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 33) and **DENIES** Defendant's motion to suppress (Doc. 19). The following new trial schedule is **ORDERED**:

1. Plea Bargaining shall be concluded by **April 22, 2019**, and any written agreement shall be executed by said date.

2. All motions shall be filed no later than **April 22, 2019**.

3. All requests for jury instructions shall be submitted no later than **May 6, 2019**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent

5

there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority. A copy of the proposed jury instructions should be sent in Microsoft Word format to **mcdonough_chambers@tned.uscourts.gov**.

4. A final pretrial conference shall be held before the United States District Judge at **3:00 p.m.** on **May 6, 2019**, in Chattanooga, Tennessee. At or before the final pretrial conference, all parties shall provide a notebook to the Court with exhibits they expect to offer during their cases-in-chief. Each party should also file a written submission advising the Court: (1) how and by whom each document will be authenticated, and (2) the theory of admissibility for the document, with appropriate references to the Federal Rules of Evidence. At the final pretrial conference, the parties should also be prepared to advise the Court whether they intend to offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook and be prepared to explain why each statement is not barred by the rule against hearsay, the Confrontation Clause, or any other basis. The parties should also be prepared to discuss evidence relating to a crime, wrong, or other act by the defendant, whether that evidence is admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given appropriate notice. The parties shall also disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices). This disclosure shall list: (1) the equipment the parties intend to bring into the courtroom to use and (2) the equipment supplied by the Court the parties intend to use. Further, the parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference and shall

confirm the compatibility/viability of their planned use of technology with the Court's equipment by the final pretrial conference.  General information regarding equipment supplied by the Court is available on the Eastern District of Tennessee website (**www.tned.uscourts.gov**).  Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

     5.     The trial of this case will be held before the United States District Judge and a twelve-person jury beginning on **May 13, 2019, at 9:00 a.m.** in Chattanooga, Tennessee.  If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

     **SO ORDERED.**

                                                    /s/*Travis R. McDonough*
                                                    **TRAVIS R. MCDONOUGH**
                                                    **UNITED STATES DISTRICT JUDGE**